W. J. BERRY ET AL *v.* CHARLES MURNAN AND OTHERS.

**Taxation—County Court Orders—Void Levy of Tax Assessment.**
    A levy of a tax for subscriptions authorized by an act of the legislature, which act specifically excluded the City of Newport, is void, absolutely, unless said exception is noted therein.

**Same—Subsequent Levy.**
    Nor does a subsequent levy, excluding the said city, and in which the former levy of seven cents per hundred dollars is included, cure the error.

**Turnpike—Act of Legislature Authorizing Subscription To.**
    The act of the legislature of March, 7, 1868, Sess. Acts 1867-8, 2 volume 343, providing for subscriptions by the county to turnpike companies "which have been or may hereafter be incorporated," does not authorize subscriptions by the county to stock of roads which had been built, nor to portions, which had been made, and apportion said subscription on the parts of the roads unfinished.

**Same.**
    The county court would have authority to subscribe to stock for the unfinished part of such roads only.

APPEAL FROM CAMPBELL CIRCUIT COURT.

February 26, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

By an act of the legislature approved March 7, 1868, Sess. Acts, 1867-8, 2 vol., 343, it is enacted in substance that the county court of Campbell county, at any regular term of said court, a majority of the justices residing outside of the corporate limits of the city of Newport being present, and concurring therein, shall have power to make subscriptions to the capital stock of any turnpike road company, which has been, or may hereafter be, incorporated by the legislature of Kentucky, or by said county court under the general law, not exceeding the sum of five hundred dollars per mile for each mile of such roads as may be located within the limits of said county, and that said court, with the concurrence of the majority of the justices aforesaid, may levy

a tax upon the real and personal estate of said county, subject to
taxation for revenue purposes, sufficient to pay the same; and
that all the laws of the state, applicable to the collection of revenue,
shall apply in the collection of the tax thus levied: Provided
that such subscriptions shall not be made till said court shall be
satisfied that an amount of stock sufficient with the aid of such
county subscription, to complete each mile of road to which such
county subscriptions apply, has been taken by private subscription;
and provide that said subscription shall not be made to any road
unless the same shall be made 14 feet in width.

Section 2. The provisions of this act shall in no wise apply
to real and personal estate situated within the corporate limits
of the city of Newport.

At the October term, 1868, of the Campbell county court an
order was made subscribing $500 per mile to the Alexandria and
Flag Spring turnpike road for a distance of twelve miles. Also,
a subscription of a like sum per mile to the old state road and
Ripple Creek turnpike road for a distance of 12 miles; and a
subscription of five hundred dollars per mile to the twelve mile
turnpike road company, the subscription to be applied to the con-
struction of that part of said road lying between the intersection
of the five mile road with said turnpike road, and the *terminus* of
said road on twelve mile creek; provided, that the contractors of
said road consent in writing that the county shall receive *her* pro-
portion of the tolls collected on that part of said road.

And the record shows that Wilmer, contractor on twelve mile
turnpike road, presented a writing consenting to the terms of the
county subscription to the last named turnpike road company.

At the same term of the court that said subscriptions were
made, the court further ordered that a special tax of seven cents
on the one hundred dollars valuation on all real and personal
property in said county be levied for the year 1869, and collected
as provided for by law.

At the December term of the court of the same year it sub-
scribed five hundred dollars per mile on the Dayton and four mile
turnpike road for a distance of —————— miles, and five hundred
dollars per mile to the Coverts Run and Newport turnpike road
for a distance of two and a half miles. And ordered that including
the former levy of seven cents that a tax of thirty cents on each
one hundred dollars of taxable property in Campbell county *out-*

*side* of the city of Newport be levied for the year 1869 to pay the county subscription to the several turnpike roads subscribed by the county.

In October, 1869, appellees, owners of taxable property outside of the corporate limits of the city of Newport, and citizens of Campbell county, filed their petition in equity in the Campbell circuit court, praying for an injunction perpetually enjoining the collector of the tax thus levied from proceeding to collect said tax, and enjoining the judge of Campbell county court and the justices of said county outside of the city of Newport from making further orders for the collection of the same, and from levying any further tax for said purpose, for the several reasons alleged in their petition, which will hereafter be particularly referred to, and commented on.

On final hearing, the relief sought was granted, and the injunction made perpetual, and the defendants below have appealed.

Some of the material facts alleged as authorizing the relief sought will be stated, not, however, in the numerical order in which they are presented in the petition.

It is charged that the court did not at either of the terms at which it attempted to make said subscriptions to the capital stock of the road companies named, take any steps whatever to ascertain whether the subscriptions of private stock to said companies were sufficient with those made by the court to complete each mile of said road, and that the private subscriptions of stock were *not* sufficient with the subscriptions made by the court to complete each mile of said roads, or of any of them.

Nor did said court require, and provide in any of the orders making said subscriptions, nor in any separate order, that said roads, to which such subscriptions were made, should be constructed fourteen feet wide, and that some of them were less than that width.

That the Alexandria and Persimmon Grove turnpike road was completed before the act of the legislature aforesaid was passed; that said company was collecting tolls on said road when said pretended subscription of $500 per mile was made to said road by the court, and that said pretended subscription was an effort to make a donation of said sum to the corporation, and that this road is not fourteen feet wide.

That three miles of the old state road and the Ripple Creek turnpike road were completed before the passage of said act; that

by its order the court has attempted to subscribe $500 per mile for the whole length of said road, being twelve miles, and that the private subscriptions to the capital stock of said road, together with the subscription made by the court, will not be sufficient to complete said road, even by applying the $500 subscribed to the three miles completed to the unfinished part of said road.

That four and one-half miles of the twelve mile turnpike road was completed, and the company was collecting tolls on five miles of said road, when and before said act of the legislature was passed; that the entire length of said road is between 14 and 15 miles, and the court attempted to subscribe $500 per mile for the entire length of said road, with a provision that the money subscribed should be applied to the completion of a designated portion of said road.

And that said road company had, long before, made a contract with one Wilmer, by which he bound himself to build the entire road within five years from the date of said contract, and was to have and receive the tolls on the road for a period of thirty years for the building it; and that notwithstanding said contract, he being a justice of the peace for Campbell county, residing outside of the corporate limits of the city of Newport at the time, was present, took his seat with the justices, and was one of those who constituted the court when the subscription was made, and voted for it, when the subscription was for his own benefit, and not for the benefit of said turnpike road company.

It is further charged that the subscriptions to the Dayton and four mile turnpike company designate no particular number of miles, are indefinite and uncertain, giving no basis for an assessment of a tax therefor, and are void for uncertainty.

It is also charged that by order of said court made at its October term, 1868, a tax of seven cents was ordered to be levied on each hundred dollars of real and personal estate of the citizens in Campbell county for the payment of said subscriptions to said road, including the property in the city of Newport, and by the order made at its December term, 1869, a tax of thirty cents on the $100 worth of property in said county was directed to be levied and collected, including the seven cents ordered to be collected at the preceding October term.

All of which orders are charged to be unauthorized by law, oppressive and void.

And it is further alleged that a majority of the justices of the peace for said county outside of the corporate limits of the city of Newport did not concur in the orders making said subscriptions, and that there were other objections to the said court, as it was then constituted, which may be hereafter again referred to.

Appellants, after controverting at length the allegation of the irregularity and non-concurrence of the majority of the justices of Campbell county outside of Newport in the orders making the subscriptions to said turnpike roads, traverse the allegations that they failed to take proper steps to ascertain whether there were private subscriptions of stock to said roads sufficient with the county subscriptions to complete each mile thereof; allege that they used the necessary means to get information on the subject in proper time, and they ascertained from documents produced to them that the private subscriptions were sufficient with the subscriptions of the county court to complete said roads, and that they were to be and would be constructed 14 feet wide.

Without controverting the allegation that the Alexandria and Persimmon Grove turnpike road was completed, they say that the managers are contending that it *was not then completed according to contract,* and assert that the court had the power under said act of the legislature to make said subscription to said road.

The other material allegations of the petition are not controverted in the answer, and appellees demurred to it; their answer was sustained; appellants failed to answer further, and the judgment as heretofore stated was rendered.

That the order to levy and collect the tax to pay the amount subscribed to said roads included the real and personal estate within the corporate limits of the city of Newport is not controverted, and in doing so it is most obvious that the court transcended its authority, and the order should not be enforced. Nor the subsequent order of December, 1868, help it, but is rather confirmatory of it, as it provides for the collecting of 30 cents on the one hundred dollars worth of property, inculding the 7 cents previously ordered to be assessed and collected, of course it was to be collected as originally ordered.

Again, it certainly was not the intention of the legislature, nor does the language of the act authorize the subscriptions of stock by the county court to roads which had been built, nor to portions

of roads which had been made, and then apportion said subscriptions on the parts of said road unfinished.

That the court was authorized by the statute to subscribe stock to aid in the completion of the unfinished parts of turnpike roads, which had been commenced, will not be disputed; but it could not subscribe stock to parts of roads, nor to roads which had been completed, and then apply the subscriptions to roads and parts of roads unfinished; by that means the burdens might be doubled on taxpayers. Such subscriptions are not authorized by the letter nor spirit of the act, and the county court in attempting to make said subscriptions transcended its authority.

These errors in the proceedings are of a character of themselves to nullify the orders for the subscriptions, and it is not necessary, therefore, to go into the consideration of the question as to the concurrence of a majority of the justices to take part in the proceedings.

Wherefore, the judgment is *affirmed*.

*Hallam, for appellants.*

*Carlisle, Baker, for appellees.*